UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Domonik Greene, individually and on behalf of other similarly situated individuals,<br><br>                 Plaintiff,<br><br>vs.<br><br>Granite City Food & Brewery Ltd., d/b/a Granite City Food & Brewery,<br><br>                 Defendant. | Court File No. 16-cv-02834-RHK-FLN<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant Granite City Food & Brewery Ltd. ("Defendant"), for its Answer and Affirmative Defenses to Plaintiff Domonik Greene's ("Plaintiff") Complaint, purportedly made individually and on behalf of other similarly situated individuals, states and alleges as follows:

## GENERAL DENIALS

Except as hereinafter expressly admitted, Defendant denies each and every allegation, claim, statement, and legal conclusion in the Complaint.

## INTRODUCTION

1. Defendant admits that paragraph 1 contains Plaintiff's description of the action she seeks to pursue. Defendant denies that it violated any law or engaged in any unlawful conduct that would give rise to such a claim.

2. Defendant admits that paragraph 2 contains Plaintiff's description of the individuals she seeks to represent. Defendant denies that it violated any law or engaged

in any unlawful conduct that would give rise to such a claim, that there are individuals similarly situated to Plaintiff, and that Plaintiff has a basis to bring such a claim.

3. Defendant denies the allegations in paragraph 3.

4. The allegations in paragraph 4 contain statements and conclusions of law to which no response is required.

5. Defendant denies the allegations in paragraph 5.

## PARTIES

6. Defendant affirmatively alleges that Plaintiff Greene was employed by Granite City Restaurant Operations, Inc., a wholly owned subsidiary of Defendant, as a server at a restaurant located in Lyndhurst, Ohio, from approximately March 2015 through November 2015. Defendant is without information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's residence and therefore denies the same. Defendant admits that Plaintiff purports to bring a claim on behalf of herself and other individuals, however, Defendant denies that there are individuals similarly situated to Plaintiff and that Plaintiff has a basis to bring such a claim.

7. Defendant admits that it is a Minnesota corporation and that it does business in Minnesota. Defendant denies the remaining allegations in paragraph 7.

8. Defendant admits that, through its operating subsidiary, it operates restaurants in 14 states. Defendant denies the remaining allegations in paragraph 8.

9. Defendant admits that its annual gross volume of sales nationally in 2015 was not less than $500,000.

## JURISDICTION AND VENUE

10. Defendant restates and re-alleges its responses to each and every paragraph of this Answer as if fully stated herein.

11. The allegations in paragraph 11 contain statements and conclusions of law to which no response is required. To the extent a response is required, Defendant admits that Plaintiff invokes the jurisdiction of this Court pursuant to the provisions cited in paragraph 11 of the Complaint. Defendant denies that it violated any law and denies that it engaged in any unlawful conduct that could give rise to such a claim.

12. The allegations in paragraph 12 contain statements and conclusions of law to which no response is required. To the extent a response is required, Defendant admits that venue is proper.

## FACTUAL ALLEGATIONS

13. Defendant restates and re-alleges its responses to each and every paragraph of this Answer as if fully stated herein.

14. Defendant admits that paragraph 14 contains Plaintiff's description of the individuals she seeks to represent. Defendant denies that it violated any law or engaged in any unlawful conduct that would give rise to such a claim, or that there are individuals similarly situated to Plaintiff.

15. The allegations in paragraph 15 contain statements and conclusions of law to which no response is required. To the extent a response is required, Defendant affirmatively alleges that Plaintiff Greene was an employee of Granite City Restaurant Operations, Inc., within the past three years. Defendant denies that there are individuals

similarly situated to Plaintiff. Defendant denies the remaining allegations in paragraph 15.

16. The allegations in paragraph 16 contain statements and conclusions of law to which no response is required. To the extent a response is required, Defendant affirmatively alleges that Plaintiff Greene was employed by Granite City Restaurant Operations, Inc., from approximately March 2015 through November 2015. Defendant denies that there are individuals similarly situated to Plaintiff. Defendant denies the remaining allegations in paragraph 16.

17. Defendant admits that its restaurants are full-service, polished-casual restaurants with on-site breweries. Defendant's restaurants serve lunch and dinner seven days a week, and brunch on Sundays. Defendant denies that there are individuals similarly situated to Plaintiff. Defendant denies the remaining allegations in paragraph 17.

18. Defendant admits that Plaintiff and other servers and bartenders are responsible to wait on and serve customers during their shift. Defendant denies that there are individuals similarly situated to Plaintiff. Defendant denies the remaining allegations in paragraph 18.

19. Defendant admits that Plaintiff and other servers and bartenders receive gratuities or tips from customers. Defendant denies that there are individuals similarly situated to Plaintiff.

20. The allegations in paragraph 20 contain statements and conclusions of law to which no response is required.

21. The allegations in paragraph 21 contain statements and conclusions of law to which no response is required.

22. The allegations in paragraph 22 contain statements and conclusions of law to which no response is required.

23. The allegations in paragraph 23 contain statements and conclusions of law to which no response is required.

24. Defendant admits that Granite City Restaurant Operations, Inc., avails itself of the tip-credit provisions of the FLSA in various states, including Ohio, Kansas, Iowa, and Michigan. Defendant denies the remaining allegations in paragraph 24.

25. Defendant denies the allegations in paragraph 25.

26. Defendant admits that at times, Plaintiff may have performed certain tasks alleged in paragraph 26 for limited amounts of time in her role as a server, but states that those tasks varied and that therefore Defendant lacks sufficient knowledge or information to form a belief as to the truth of the specific tasks alleged to have been performed by Plaintiff. Defendant denies the remaining allegations in paragraph 26.

27. Defendant admits that at times, other servers or bartenders may have performed certain tasks alleged in paragraph 27 for limited amounts of time in their role as a server or bartender, but states that those tasks varied and that therefore Defendant lacks sufficient knowledge or information to form a belief as to the truth of the specific tasks alleged to have been performed by those individuals. Defendant denies the remaining allegations in paragraph 27, and specifically denies that there are individuals similarly situated to Plaintiff.

28. Defendant denies the allegations in paragraph 28.

29. Defendant admits that at times, various restaurants may have had postings or other written communications at the restaurant discussing certain tasks to be performed. Defendant states that any such communications were individual and unique to each restaurant. Defendant denies the remaining allegations in paragraph 29, and specifically denies that there are employees similarly situated to Plaintiff or that Defendant violated any law.

30. Defendant denies the allegations in paragraph 30, and specifically denies that there are employees similarly situated to Plaintiff or that Defendant violated any law.

31. Defendant denies the allegations in paragraph 31, and specifically denies that there are employees similarly situated to Plaintiff or that Defendant violated any law.

32. Defendant denies the allegations in paragraph 32, and specifically denies that there are employees similarly situated to Plaintiff or that Defendant violated any law.

33. Defendant denies the allegations in paragraph 33, and specifically denies that there are employees similarly situated to Plaintiff or that Defendant violated any law.

34. Defendant denies the allegations in paragraph 34, and specifically denies that Defendant violated any law.

35. Defendant admits that it is aware of tip credit laws and requirements. Defendant admits that Granite City Restaurant Operations, Inc., takes a tip credit in certain states and that Defendant has been represented by a reputable law firm. Defendant admits that it has been operating restaurants since 1999, through its operating

subsidiary.  Defendant denies the remaining allegations in paragraph 35, and specifically denies that Defendant violated any law.

36. Defendant admits that Granite City Restaurant Operations, Inc., utilizes an electronic point-of-sale system that tracks various data related to employee hours. Defendant denies the remaining allegations in paragraph 36.

## FLSA COLLECTIVE ALLEGATIONS

37. Defendant restates and re-alleges its responses to each and every paragraph of this Answer as if fully stated herein.

38. Defendant admits that paragraph 38 contains a description of the action Plaintiff seeks to pursue and the individuals she seeks to represent.  Defendant denies that there are employees similarly situated to Plaintiff or that Defendant violated any law.

39. Defendant admits that Granite City Restaurant Operations, Inc., has utilized the tip credit in the states listed in paragraph 39.  Defendant denies that there are employees similarly situated to Plaintiff or that Defendant violated any law.

40. Defendant denies the allegations in paragraph 40.

41. Defendant denies the allegations in paragraph 41.

## COUNT I

**FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE FLSA, 29 U.S.C. § 206, AND ITS IMPLEMENTING REGULATIONS**

42. Defendant denies the allegations in paragraph 42.

43. Defendant denies the allegations in paragraph 43.

44. Defendant denies the allegations in paragraph 44.

45. Defendant denies the allegations in paragraph 45.

## PRAYER FOR RELIEF

46. Plaintiff's PRAYER FOR RELIEF and WHEREFORE provision, and each of its subparts, contain allegations to which a response is not required, but to the extent that a response may be required, Defendant denies that Plaintiff or the putative collective members are entitled to any relief whatsoever, denies that Plaintiff is similarly situated to the putative collective members, and further denies that it has committed any unlawful or wrongful act with respect to Plaintiff or the putative collective members.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Defendant alleges the following affirmative and additional defenses against Plaintiff's claims, and/or the claims of any servers and bartenders alleged to be part of a FLSA collective:

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's Complaint fails to identify a cognizable class under any applicable rule or law governing the maintenance of collective or class actions.

3. The potential members of the putative FLSA collective Plaintiff purports to represent cannot proceed collectively under 29 U.S.C. § 216(b) because they are not similarly situated.

4. At all times relevant to this action, Plaintiff, and any servers and bartenders alleged to be part of a FLSA collective, were paid the complete, correct, and proper wages due in accordance with applicable state and federal wage requirements.

5.	To the extent Defendant failed to pay Plaintiff, or any servers and bartenders alleged to be part of a FLSA collective, for any time allegedly worked, which Defendant denies, any such time is *de minimus* and therefore not recoverable.

6.	Plaintiff's alleged damages, and the alleged damages of any servers and bartenders alleged to be part of a FLSA collective, were not caused by any unlawful policy, custom, practice, and/or procedure promulgated and/or permitted by Defendant.

7.	Plaintiff's alleged damages, and the alleged damages of any servers and bartenders alleged to be part of a FLSA collective, are barred and not recoverable by virtue of their failure to mitigate their alleged damages.

8.	Some or all of Plaintiff's claims, or the claims of any servers and bartenders alleged to be part of a FLSA collective, are barred by the applicable statute of limitations.

9.	Some or all of Plaintiff's claims, or the claims of any servers and bartenders alleged to be part of a FLSA collective, are barred by the doctrines of estoppel, waiver, release, laches, consent, setoff, and/or unclean hands.

10.	Plaintiff's claim fails because any alleged action or failure to act on the part of Defendant was not the proximate cause of any injuries to Plaintiff.

11.	Plaintiff's claim is barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiff was engaged in activities that were preliminary or postliminary to her principal activities, or would otherwise be non-compensable under the Act.

12.	Plaintiff's claims is barred in whole or in part because some or all work performed by Plaintiff was completely voluntary in nature and without Defendant's

knowledge or authorization, was contrary to express instructions, was not required by Defendant as a term or condition of her continued employment, and/or did not constitute compensable working time under the FLSA.

13. Plaintiff's claim is barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with Plaintiff's compensation were done in good faith conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and/or written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

14. Plaintiff's claim is barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were committed in good faith and with reasonable grounds for believing that the acts or omissions were not a violation of the FLSA.

15. Any and all of Defendant's affirmative and additional defenses may also apply to any claims alleged by any member of Plaintiffs' proposed or putative collective class.

16. As a separate and alternative defense to Plaintiff's Complaint, Defendant alleges that claims contained in the Complaint may be barred by any or all of the affirmative defenses contemplated by Rule 8(c) of the Federal Rules of Civil Procedure. To the extent that Plaintiff's claims, or the claims of any servers and bartenders alleged to be part of a FLSA collective, may be barred by one or more of the said affirmative

defenses not specifically set out above, it cannot be determined until Defendant has the opportunity to complete discovery. Defendant, therefore, incorporates such affirmative defenses as if fully set forth herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant prays for judgment in its favor, for its costs and expenses incurred in defending this matter, and for such other relief as this Court deems just and equitable.

October 24, 2016

        *s/ John H. Lassetter*
        Andrew J. Voss (#0241556)
        avoss@littler.com
        John H. Lassetter (#0389009)
        jlassetter@littler.com
        **LITTLER MENDELSON, P.C.**
        1300 IDS Center
        80 South 8th Street
        Minneapolis, MN  55402.2136
        Telephone: 612.630.1000

        Jonathan C. Wilson (admitted *pro hac vice*)
        jcwilson@littler.com
        **LITTLER MENDELSON, P.C.**
        2001 Ross Avenue
        Suite 1500
        Dallas, TX 75201-2931
        Telephone: 214.880.8174

>Kimberly J. Gost (Kym) (admitted *pro hac vice*)
>kgost@littler.com
>**LITTLER MENDELSON, P.C.**
>Three Parkway
>1601 Cherry Street
>Suite 1400
>Philadelphia, PA 19102
>Telephone: 267.402.3007
>
>**ATTORNEYS FOR DEFENDANT GRANITE CITY FOOD & BREWERY LTD.**

Firmwide:143475922.1 082399.1002