# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Domonik Greene and Christopher Fech, individually and on behalf of other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>Granite City Food & Brewery, Ltd., d/b/a Granite City Food and Brewery.<br><br>Defendant. | Case No. 0:16-cv-02834-RHK-FLN<br><br>**FIRST AMENDED COLLECTIVE ACTION COMPLAINT**<br><br>**(JURY TRIAL DEMANDED)** |

Plaintiffs Domonik Greene and Christopher Fech, individually and on behalf of all other persons similarly situated, by and through their attorneys Nichols Kaster, PLLP, Fitapelli & Schaffer, LLP, and Outten & Golden, LLP, bring this action against Defendant, stating the following as their claims:

## INTRODUCTION

1. This is a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., for Defendant's failure to pay Plaintiffs and other tipped employees all earned minimum wages.

2. Plaintiffs and the persons they seek to represent are current and former tipped employees at Defendant's restaurants in several different states, working as servers and bartenders.

3. Defendant pays its tipped employees, including servers and bartenders, sub-

1

minimum hourly wages under the tip-credit provisions of the FLSA.

4. The tip-credit provisions of the FLSA permit an employer, under certain circumstances, to pay tipped employees less than the full minimum hourly wage and take a "tip credit" against its minimum wage obligations. But an employer is not permitted to take a tip credit against its minimum wage obligations in certain circumstances, including, but not limited to: (1) when it requires its tipped employees to perform non-tipped work that is unrelated to the employees' tipped occupation (i.e., "dual jobs"); or (2) when it requires its tipped employees to perform non-tipped work that, although related to the employees' tipped occupation, exceeds 20 percent of the employees' time worked.

5. Defendant willfully violated the FLSA by paying Plaintiffs, and other servers and bartenders, sub-minimum wage, tip-credit rates of pay, while (1) taking the tip-credit for non-tipped work unrelated to Plaintiffs' tipped occupation, and/or (2) taking the tip-credit for non-tipped work that, although related to Plaintiffs' tipped occupation, exceeds 20 percent of their time during the workweek.

**PARTIES**

6. Individual and representative Plaintiff Domonik Greene is an adult resident of Garfield Heights, Ohio. Plaintiff Greene was employed by Defendant as a server at Defendant's Lyndhurst, Ohio, restaurant from approximately March 2015 through November 2015. Plaintiff Greene brings her claim on behalf of herself and the FLSA collective.

7. Individual and representative Plaintiff Christopher Fech is an adult resident

of Fort Wayne, Indiana. Plaintiff Fech has been employed by Defendant as a server and bartender at Defendant's Fort Wayne, Indiana restaurant since approximately May 2014. Plaintiff Fech brings his claim on behalf of himself and the FLSA collective.

8. Defendant Granite City Food & Brewery, Ltd., d/b/a Granite City Food and Brewery ("Defendant" or "Granite City") is a Minnesota corporation with its primary place of business in Minnesota.

9. Defendant owns and operates approximately 35 namesake restaurants in 14 states—Illinois, Indiana, Iowa, Kansas, Maryland, Michigan, Minnesota, Missouri, Nebraska, North Dakota, Ohio, South Dakota, Tennessee, and Wisconsin.

10. Defendant's annual gross volume of sales made or business done is not less than $500,000.

## JURISDICTION AND VENUE

11. Plaintiffs re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

12. This Court has subject matter jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, as this action is brought under the FLSA, 29 U.S.C. § 207 et seq. Plaintiffs Greene and Fech have signed a consent form to join this lawsuit, see ECF Nos. 1-1 and 29.

13. Venue in the District of Minnesota is proper pursuant to 28 U.S.C. § 1391 because Defendant's primary place of business is in the District of Minnesota, and Defendant is subject to personal jurisdiction in the District of Minnesota.

## **FACTUAL ALLEGATIONS**

14. Plaintiffs re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

15. Plaintiffs Greene and Fech and the FLSA collective are current and former servers and bartenders at Defendant's namesake restaurants across the country.

16. Plaintiffs Greene and Fech and the FLSA collective are or were Defendant's "employee[s]" during the prior three years, as that term is defined under the FLSA, 29 U.S.C.A. § 203(e)(1).

17. Defendant is or was the "employer" of Plaintiffs Greene and Fech and the FLSA collective during the prior three years, as the term "employer" is defined under the FLSA, 29 U.S.C.A. § 203(d).

18. Defendant's restaurants are full service, casual dining restaurants that include signature beers brewed on-site. Defendant also serves liquor that is transported across state lines prior to arriving at Defendant's restaurants. The restaurants serve lunch and dinner seven days a week, and brunch on Sundays. Plaintiffs and the FLSA collective worked shifts before, during, and after Defendant's lunch, dinner, and brunch services.

19. As servers and bartenders, Plaintiffs and the FLSA collective wait on and serve Defendant's customers during portions of, but not all of, any given shift.

20. Plaintiffs and the FLSA collective receive gratuities or tips from Defendant's customers.

21. Under the FLSA, an employee who receives gratuities or tips as part of his

or her employment may be paid less than the federally mandated minimum wage, which has been $7.25 during all relevant periods of time.  The sub-minimum wage rate of pay for tipped employees is often referred to as a "tipped-wage." Under the FLSA, the "tipped wage" is $2.13 per hour.

22. However, under the FLSA, an employer may only pay tipped employees a tipped wage if certain requirements are met.  Pursuant to the FLSA itself, payment of a tipped wage is only permissible if, among other things, (1) the employee receives a minimum payment from the employer of $2.13 per hour; and (2) the employee's tips make up the difference between the $2.13 minimum payment and the federally mandated minimum wage.  These provisions allowing an employer to apply employee tips as a credit towards the employer's minimum wage obligations are frequently referred to as the FLSA's tip-credit provisions.

23. In addition to the requirements under the FLSA's tip-credit provisions, Department of Labor ("DOL") regulations and interpretations state that payment of a tipped wage is impermissible for any and all hours the employee performs (1) duties unrelated to and outside of the scope of his or her tipped occupation; or (2) work for more than 20 percent of his or her shifts that, although related to his or her tipped occupation, is non-tipped work.

24. An employer's payment of a tipped wage that is not in conformity with the FLSA's tip-credit provisions and the DOL's regulations and interpretations violates the FLSA.

25. Defendant pays or paid Plaintiffs and the FLSA collective less than the full

minimum wage, thereby availing itself of the tip-credit provisions under the FLSA.  For example, Defendant paid Plaintiff Greene $4.05 per hour and paid Plaintiff Fech $2.13 per hour.  Also by way of example, in Kansas, Defendant pays FLSA collective members $2.13 per hour; in Iowa, Defendant pays FLSA collective members $4.35 per hour; in Michigan, Defendant pays FLSA collective members $3.10 per hour.

26. Although Defendant availed itself of the tip-credit provisions under the FLSA, Defendant has a regular and customary practice of requiring servers and bartenders to perform work unrelated to and outside of the scope of their tipped occupations (hereafter "unrelated work").  Additionally, or in the alternative, Defendant has a regular and customary practice of requiring servers and bartenders to perform work for more than 20 percent of their shifts that, although related to their tipped occupations, is non-tipped work (hereafter "excessive non-tipped work").

27. By way of non-exhaustive example, Plaintiffs Greene and Fech performed the following unrelated work and/or excessive non-tipped work: cleaning the soda fountains; cleaning the dessert area; running or expediting food; setting up the expediting station; sanitizing buckets; setting up and washing garbage cans; washing dishes and silverware; stacking plates and bringing them to the expedition line; sorting and rolling silverware; checking the bathrooms; taking out garbage; sweeping floors; chopping fruit; breaking down and cleaning the expediting station; and filling and flipping the salad dressings.

28. The FLSA collective further performed the following (non-exhaustive) unrelated work and/or excessive non-tipped work: restocking liquor, beer, mixes, and

6

wine; covering beer taps; burning ice in the ice wells; wiping down rails; pulling matts off of the floor and cleaning them; taking out the garbage; cleaning the coolers; entering beer reports into a spreadsheet in the office; turning on the televisions in the restaurant; cleaning grates; and taking apart sinks and cleaning them.

29. Defendant required Plaintiffs and the FLSA collective to perform the unrelated work and/or excessive non-tipped work each shift in addition to serving customers.

30. Defendant maintained a chart posted in Defendant's restaurants with a list of the unrelated work and/or excessive non-tipped work that Plaintiffs and the FLSA collective were required to perform each shift in addition to serving customers.

31. Defendant's managers verified that Plaintiffs and the FLSA collective performed the unrelated work and/or excessive non-tipped work covered in the chart described in the previous paragraph.

32. When Plaintiffs and the FLSA collective performed the unrelated work and/or excessive non-tipped work, they did not interact with customers and did not have the opportunity to earn tips—such as before Defendant's restaurants were open to customers; when Defendant relieved servers and bartenders from serving customers but required them to perform other work at the restaurants during their shifts; and after Defendant's restaurants were closed to customers.

33. Defendant paid Plaintiffs and the FLSA collective a tipped wage even for the unrelated work and/or excessive non-tipped work that Plaintiff and the FLSA collective performed.

34.     During an average four or five hour shift, Plaintiffs and the FLSA collective performed the unrelated work and/or excessive non-tipped work for more than two hours per shift.  For example, the FLSA collective would often spend 30 minutes or more performing the unrelated work and/or excessive non-tipped work prior to serving their first customers; 40 minutes or more performing the unrelated work and/or excessive non-tipped work while serving customers; and one hour or more performing the unrelated work and/or excessive non-tipped work after serving their last customer.  The FLSA collective worked these four to five hour shifts approximately five times per week.

35.     Plaintiff Greene, as an example, performed the unrelated work and/or excessive non-tipped work for more than two hours during an average four to five hour shift.  Greene often would spend two or more hours performing the unrelated work and/or excessive non-tipped work after serving her last customer, in addition to the unrelated work and/or excessive non-tipped work she performed prior to and while serving her first customer.  Greene worked these four to five hour shifts approximately five times per week.  Plaintiff Greene, then, worked approximately 2.10 or more hours on average during a typical four to five hour shift in which she was paid $4.05 per hour, but should have been paid the full minimum wage, resulting in out-of-pocket damages of approximately $34.12 per week.

36.     Plaintiff Fech, as another example, performed the unrelated work and/or excessive non-tipped work for more than two hours during an average five hour shift.  Fech often would spend two or more hours performing the unrelated work and/or excessive non-tipped work after serving his last customer, in addition to the unrelated

8

work and/or excessive non-tipped work he performed prior to and while serving her first customer. Fech worked these five hour shifts approximately four times per week. Plaintiff Fech, then, worked approximately 2 or more hours on average during a typical four to five hour shift in which he was paid $2.13 per hour, but should have been paid the full minimum wage, resulting in out-of-pocket damages of approximately $41 per week.

37.     Defendant is aware of the tip credit laws and requirements surrounding the same, as indicated by Defendant's choice to take a tip credit in the vast majority of states in which it does business; the fact that Defendant chose not to take a tip credit in Minnesota, thus indicating that it was aware of what the FLSA requires and how state laws differ regarding payment of tipped wages; and its retention of a reputable law firm with expertise in FLSA law. Further, Defendant has been operating its restaurants since 1999, and has had roughly seventeen years to bring its tip-credit policies and practices into compliance with the FLSA. Despite all of this, Defendant chose to violate the FLSA by taking a tip credit when it was not allowed to do so.

38.     Defendant maintains an electronic point-of-sale system ("POS") through which it tracks servers' and bartenders' hours worked based on when they clock in and clock out. Defendant does not, however, electronically track time that servers and bartenders spend performing unrelated work and/or excessive non-tipped work. However, Defendant's POS system, in addition to tracking clock in and out times, tracks the length of time between when each server and bartender first enters a food order for customers during their shift and closes out the last customer's check.

## **FLSA COLLECTIVE ALLEGATIONS**

39. Plaintiffs re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

40. Plaintiffs bring this action individually and on behalf of all other employees similarly situated, as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are:

> **FLSA Collective:** All individuals who are or have been employed by Defendant as servers and/or bartenders within three years prior to this action's filing date through the date of final judgment in this matter, in all states where Defendant availed itself the FLSA's tip credit provisions.

41. Defendant availed itself of the tip credit to pay Plaintiffs and the FLSA collective a tipped wage in Illinois, Indiana, Iowa, Kansas, Maryland, Michigan, Missouri, Nebraska, North Dakota, Ohio, South Dakota, Tennessee, and Wisconsin.

42. Defendant violated the FLSA when it paid Plaintiffs and the FLSA collective a tipped wage for work unrelated to and outside the scope of Plaintiff's and the FLSA collective's tipped occupations.

43. Additionally, or in the alternative, Defendant violated the FLSA when it paid Plaintiffs and the FLSA collective a tipped wage for work exceeding 20 percent of their shifts that, although related to their tipped occupations, was non-tipped work.

# COUNT I
## FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE FLSA, 29 U.S.C. § 206, AND ITS IMPLEMENTING REGULATIONS

44. Defendant's FLSA violations resulted in Plaintiffs and the FLSA collective being paid less than the applicable minimum wage in one or more individual workweeks during the prior three years.

45. Defendant's FLSA violations and resulting failure to pay Plaintiffs and the FLSA collective the applicable minimum wage in one or more individual workweeks during the prior three years was willful and not done in good faith.

46. Plaintiffs and the FLSA collective are due unpaid minimum wage and liquidated damages pursuant to 29 U.S.C. § 216.

47. Plaintiffs and the FLSA collective are further entitled to recover their attorneys' fees and costs in the prosecution of this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Domonik Greene and Christopher Fech, individually and on behalf of the FLSA collective, prays for judgment against Defendant as follows:

1. For designation of this action as a collective action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all potential members of the FLSA collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

2. That the conduct of Defendant as described herein be determined and adjudicated to constitute violations of the FLSA;

3. The Defendant's violations of the FLSA be determined and adjudicated to be willful and not in good faith;

4. For judgment in the amount of the owed minimum wages for all time worked by Plaintiffs and the FLSA collective;

5. For liquidated damages in an amount equal to the unpaid minimum wages of Plaintiffs and the FLSA collective;

6. That Plaintiffs and the FLSA collective be awarded all attorneys' fees and costs incurred in the prosecution of this action; and

7. For all such other legal and equitable relief available pursuant to applicable law or as the Court deems equitable and just.

Dated: February 7, 2017      NICHOLS KASTER, PLLP

s/ Brittany B. Skemp
Steven A. Smith, MN Bar No. 260836
Brittany Bachman Skemp, MN Bar No. 0395227
4600 IDS Center, 80 South 8th Street
Minneapolis, MN  55402
Telephone: (612) 256-3200
Fax: (612) 338-4878

FITAPELLI & SCHAFFER, LLP
Brian Schaffer*
bschaffer@fslawfirm.com
Jeffrey H. Dorfman*
jdorfman@fslawfirm.com
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375
Fax: (212) 481-1333

OUTTEN & GOLDEN, LLP
Justin Swartz*
jms@outtengolden.com
3 Park Ave., 29th Floor
New York, NY 10006
Telephone: (212) 245-1000
Fax: (646) 509-2057

*Admitted *pro hac vice*

ATTORNEYS FOR PLAINTIFFS
AND THE PUTATIVE FLSA COLLECTIVE